```
 1
 2
 3
 4
 5
 6
 7
 8                      IN THE UNITED STATES DISTRICT COURT
 9                    FOR THE EASTERN DISTRICT OF CALIFORNIA
10  ENRIQUE GONZALES HERNANDEZ,
11          Plaintiff,                     No. CIV S-11-3248 GGH P
12      vs.
13  MORIS SENEGOR, et al.,
14          Defendants.            ORDER
15  _____/
```

Plaintiff is a state prisoner proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.
6      A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
13 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
14 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows
15 the court to draw the reasonable inference that the defendant is liable for the misconduct
16 alleged." Id.
17      In reviewing a complaint under this standard, the court must accept as true the
18 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
19 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
20 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
21 1843 (1969).
22      Plaintiff's original complaint was screened on March 13, 2012, and it was found
23 that plaintiff had stated cognizable claims against Baldwin and Hettema, however the remaining
24 defendants were dismissed with leave for plaintiff to file an amended complaint. Plaintiff filed
25 an amended complaint and a letter and indicated that he wanted the entire original complaint
26 dismissed and to continue on his amended complaint.

1         Plaintiff alleges that various defendants were deliberately indifferent to his serious medical needs.  Plaintiff had back surgery at San Joaquin General Hospital, performed by defendant Dr. Senegor, who works at that hospital.[1]  Plaintiff states Senegor was deliberately indifferent to his serious medical needs in performing the operation.  Plaintiff returned to Mule Creek State Prison (MCSP), on January 29, 2011, was placed in Ad. Seg. in a suicide watch cell that had no running water, excrement on the mattress, walls and floor, and a non flushing toilet.  Plaintiff states it is the policy of Heatley and Smith who are the chief doctors at the prison, to have prisoners go to Ad. Seg. cells after returning from surgery.  Defendant Lt. Baldwin gave the written order for plaintiff to be sent the specific cell and defendant Captain Hettema approved.

        As a result of being kept in these conditions plaintiff's post surgery wounds became infected and he was in severe pain.  Plaintiff was treated at MSCP and then sent back to San Joaquin General hospital on February 3, 2011, with a staph infection and fever, where plaintiff states defendant Dr. Senegor was notified of his arrival and then allegedly discharged plaintiff without ever seeing him and plaintiff was sent back to MCSP to the Ad. Seg. room.  On February 4, 2011, plaintiff was found unconscious and taken to the MCSP treatment center and then back to San Joaquin Hospital.  Staff at the hospital treated plaintiff and defendant Dr. Senegor operated again on plaintiff.  As a result, plaintiff continues to suffer harm.

        Plaintiff has stated cognizable claims against Baldwin and Hettema.  While the claims are not strong against Heatley and Smith, for purposes of screening it appears sufficient.  With respect to defendant Senegor, plaintiff's claims strain the bounds of credibility, yet with no way to rebut the allegations at screening, plaintiff's claims are just barely sufficient.  Plaintiff has also added a new defendant, Horowitz and states she has denied medication, downplayed his pain and took away his walker, though the walker was then returned.  However, plaintiff has not provided sufficient details regarding any specific action by Horowitz.  Therefore, Horowitz is

---

[1] Plaintiff alleges that Dr. Senegor is a physician under contract to serve CDCR and MCSP and is therefore a state actor.

dismissed but plaintiff will be able to file a second amended complaint within 28 days of service of this order.  Failure to file a second amended complaint will result in Horowitz being dismissed from this action and the action continuing against the remaining defendants.  If plaintiff files a second amended complaint he must repeat the allegations against all defendants.

        In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4 (1992).

        A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

        In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37.  Neither is it sufficient that a reasonable person would

have known of the risk or that a defendant should have known of the risk. Id. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware. Id. at 838-842. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has labeled his amended complaint as also a motion for preliminary injunctive relief but makes no specific argument for such relief, so that motion is vacated. Plaintiff has also referenced filing a motion for an extension of time to obtain a lawyer. However, plaintiff also desires expeditious handling of his case.  That purported "motion for an extension" is denied as plaintiff may continue to search for an attorney while he amends the complaint, if that is something he desires to do.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The amended complaint is dismissed with leave to amend with respect to defendant Horowitz within twenty-eight days from the date of service of this order.  Failure to file a second amended complaint will result in this defendant being dismissed and this case continuing solely against the remaining defendants;

2. The motion for injunctive relief (Doc. 6) is vacated;

3. The motion for an extension (Doc. 7) is denied.

DATED: May 10, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
hern3248.scrn