IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE GONZALES HERNANDEZ,

      Plaintiff,                              No. CIV S-11-3248 GGH P

   vs.

MORIS SENEGOR, et al.,

      Defendants.               ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). This case is before the undersigned pursuant to plaintiff's consent. Doc. 4.

        On May 10, 2012, the court found that plaintiff had stated cognizable claims against defendants Baldwin, Hettema, Heatley, Senegor and Smith, but plaintiff was provided leave to file a second amended complaint with respect to Horowitz. Plaintiff was informed that failure to file a second amended complaint would result in Horowitz being dismissed and the case continuing against the remaining defendants. Plaintiff has not filed a second amended complaint, therefore Horowitz is dismissed.

\\\\\

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date of this order.[1]  Plaintiff shall serve a copy of this order on each defendant together with a summons and a copy of the complaint.  Within 120 days from the date of this order, plaintiff and defendants shall each submit to the court and serve by mail on all other parties the following status report:

      1.  Whether this matter is ready for trial and, if not, why not;

      2.  Whether additional discovery is deemed necessary.  If further discovery is deemed necessary, the party desiring it shall state the nature and scope of the discovery and provide an estimate of the time needed in which to complete it;

      3.  Whether a pretrial motion is contemplated.  If any such motion is contemplated, the party intending to file it shall describe the type of motion and shall state the time needed to file the motion and to complete the time schedule set forth in Local Rule 230(l);

      4.  A narrative statement of the facts that will be offered by oral or documentary evidence at trial;

      5.  A list of all exhibits to be offered into evidence at the trial of the case;

      6.  A list of the names and addresses of all witnesses the party intends to call;

      7.  A summary of the anticipated testimony of any witnesses who are presently incarcerated;

      8.  The time estimated for trial;

      9.  Whether either party still requests trial by jury; and

      10.  Any other matter, not covered above, which the party desires to call to the attention of the court.

      In addition, plaintiff shall inform the court in his status report of the date and manner of service of process.

---

[1] Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date the complaint was filed.  See Fed. R. Civ. P. 4(m).

1       The parties are informed that they may, if all consent, have this case tried by a
2 United States Magistrate Judge while preserving their right to appeal to the Circuit Court of
3 Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party
4 choosing to consent may complete the form and return it to the clerk of this court.  Neither the
5 magistrate judge nor the district judge handling the case will be notified of the filing of a consent
6 form unless all parties to the action have consented.
7       Accordingly, IT IS HEREBY ORDERED that:
8       1.  Defendant Horowitz is dismissed for the reasons set forth in the May 10, 2012,
9 screening order.
10       2.  The Clerk of the Court is directed to issue and send plaintiff five summonses,
11 for defendants Baldwin, Hettema, Heatley, Senegor and Smith.  The Clerk shall also send
12 plaintiff one copy of the form Consent to Proceed Before United States Magistrate Judge with
13 this order.
14       3.  Plaintiff shall complete service of process on the defendants within sixty days
15 from the date of this order.  Plaintiff shall serve a copy of this order on each defendant at the time
16 the summons and complaint are served.
17       4.  Defendants shall reply to the complaint within the time provided in Fed. R.
18 Civ. P. 12(a).
19       5.  Plaintiff's status report shall be filed within ninety days from the date of this
20 order.  Defendants' status report shall be filed within thirty days thereafter.  The parties are
21 advised that failure to file a status report in accordance with this order may result in the
22 imposition of sanctions, including dismissal of the action and preclusion of issues or witnesses.
23       6.  Unless otherwise ordered, all motions to dismiss, motions for summary
24 judgment, motions concerning discovery, motions pursuant to Fed. R. Civ. P. 7, 11, 12, 15, 41,
25 55, 56, 59 and 60, and E.D. Cal. R. 110, shall be briefed pursuant to L.R. 230(l).  Failure to
26 timely oppose such a motion may be deemed a waiver of opposition to the motion.  See L.R.

1 230(l). Opposition to all other motions need be filed only as directed by the court.

2       7. If plaintiff is released from prison while this case is pending, any party may
3 request application of other provisions of L.R. 230 in lieu of L.R. 230(l). Until such a motion is
4 granted, the provisions of L.R. 230(l) will govern all motions described in #7 above regardless of
5 plaintiff's custodial status. See L.R. 102(d).

6       8. Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), the
7 court hereby informs plaintiff of the following requirements for opposing a motion to dismiss for
8 failure to exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b). Such a motion is a
9 request that the court dismiss without prejudice any unexhausted claims. The moving party may
10 submit affidavits or declarations under penalty of perjury and admissible documents to support
11 the motion to dismiss. To oppose the motion, plaintiff may likewise file declarations under
12 penalty of perjury and admissible documents. Plaintiff may rely on plaintiff's statements made
13 under penalty of perjury in the complaint if the complaint shows that plaintiff has personal
14 knowledge of the matters stated and plaintiff specifies the parts of the complaint on which
15 plaintiff relies. Plaintiff may also rely on one or more affidavits or declarations sworn to by other
16 persons who have personal knowledge of relevant matters. In addition, plaintiff may rely on
17 written records, but plaintiff must prove that the records are what plaintiff asserts they are. If
18 plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on
19 defendant's evidence. In the event both sides submit matters outside of the pleadings, the court
20 may look beyond the pleadings and decide disputed issues of fact. If plaintiff does not file a
21 written opposition to the motion, the court may consider the failure to act as a waiver of
22 opposition to the motion. See L.R. 230(l). If the court grants the motion to dismiss, whether
23 opposed or unopposed, plaintiff's unexhausted claims will be dismissed without prejudice.

24       9. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and
25 Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the
26 following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P.

56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

    10. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

    11. Each party proceeding without counsel shall keep the court informed of a current address at all times while the action is pending. Any change of address must be reported

1 promptly to the court in a separate document captioned for this case and entitled "Notice of
2 Change of Address." A notice of change of address must be properly served on other parties.
3 Service of documents at the address of record for a party is fully effective. See L.R. 182(f). A
4 party's failure to inform the court of a change of address may result in the imposition of
5 sanctions including dismissal of the action.
6       12. The Clerk of the Court shall serve on plaintiff a copy of the Local Rules of
7 Court.
8       13. The failure of any party to comply with this order, the Federal Rules of Civil
9 Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but
10 not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).
11 DATED: July 30, 2012

/s/ Gregory G. Hollows<br>
UNITED STATES MAGISTRATE JUDGE

GGH: AB
hern3248.srv