IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE GONZALES HERNANDEZ,

        Plaintiff,                    No. 2:11-cv-3248 AC P

        vs.

MORIS SENEGOR, et al.,

        Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Dr. Moris Senegor's January 31, 2013 motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5).  ECF No. 20.  Also pending is defendants R.K. Baldwin, Scott Heatley, H. Hettema, and Smith's February 11, 2013 motion to dismiss pursuant to 12(b)(5) and 4(m).  ECF No. 21.  Plaintiff opposes both motions.  On review of the motions, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

////

////

////

1

1    RELEVANT BACKGROUND[1]

2            On December 7, 2011, plaintiff initiated this action and paid the filing fee in full.

3    On March 13, 2012, the court screened and dismissed the complaint with leave to amend.  ECF

4    No. 5.  On April 9, 2012, plaintiff filed the operative first amended complaint, which proceeds as

5    screened on July 30, 2013 against defendants Baldwin, Hettema, Heatley, Senegor, and Smith.

6    ECF Nos. 6, 8.  In the July 30, 2013 screening order, plaintiff was directed to complete service of

7    process on the defendants within sixty days from the date of the order.  ECF No. 9.  The court

8    also warned plaintiff of the following:

9                    The failure of any party to comply with this order, the Federal
                    Rules of Civil Procedure, or the Local Rules of Court, may result
10                   in the imposition of sanctions including, but not limited to,
                    dismissal of the action or entry of default.  See Fed. R. Civ. P.
11                   41(b).

12   Id. at 6, ¶ 13.

13           On August 13, 2012, plaintiff filed a request to have the United States Marshal

14   serve the defendants.  ECF No. 12.  The court denied plaintiff's request on the ground he was not

15   proceeding in forma pauperis, but granted plaintiff an opportunity to submit an application to

16   proceed as such.  ECF No. 14.

17           On September 5, 2012, plaintiff filed a motion to proceed in forma pauperis.  ECF

18   No. 15.  On September 21, 2012, the court denied this motion because plaintiff failed to

19   demonstrate indigence.  ECF No. 16.  Plaintiff was then directed to serve the defendants in

20   accordance with Federal Rule of Civil Procedure 4.  Id.

21           On January 22, 2013, plaintiff filed five Proofs of Service, each signed by Joe

22   Nerio of South Bay Attorney Service.  ECF Nos. 18-19.  The first Proof of Service reflects that

23   the process server received the summons for defendant Senegor on January 7, 2013 and

24   personally served him at 500 West Hospital Road, French Camp, CA on January 10, 2013.  ECF

25   _____

26           [1]  A recitation of the facts underlying plaintiff's operative pleading is unnecessary to the
     resolution of defendants' motions.

1   No. 18.  The second through fifth Proofs of Service reflect that the process server received the

2   summons for defendants Baldwin, Hettema, Heatley, and Smith on January 7, 2013 and

3   personally served these defendants at Mule Creek State Prison, 4001 Highway 104, Ione, CA on

4   January 11, 2013.  ECF No. 19.

5          On January 31, 2013, defendant Senegor moved to dismiss this action for lack of

6   personal jurisdiction in light of plaintiff's alleged failure to properly and timely serve him.

7   Alternatively, Senegor moves to quash the service of process.  On February 11, 2013, defendants

8   Baldwin, Heatley, Hettema, and Smith filed a substantively identical motion.  Plaintiff opposes

9   both motions.

10                          DISCUSSION

11  A.    Insufficient Process

12         A challenge to the form of process, rather than the manner of its service, is

13  properly raised under Federal Rule of Civil Procedure 12(b)(4).  See 5B Wright & Miller,

14  Federal Practice and Procedure, § 1353 (3d ed.).  A Rule 12(b)(4) motion challenges

15  noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by

16  Rule 4(b) that deals specifically with the content of a summons.  Wasson v. Riverside County,

17  237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted).

18         Pursuant to Local Rule 120(b),

19         If service of process is not waived, proof of service of process
           shall be made by acknowledgment of the party served or by
20         affidavit of the person serving such process. . . . Such proof of
           service shall show the date, place, and manner of the service.
21         When service is made by personal delivery, it shall show the hour,
           the particular address or vicinity at which service was made, the
22         name and address of the person served, and the name and address
           of the person making the service.  See Fed. R. Civ. P. 4(l).
23

24         Here, defendant Senegor moves for dismissal pursuant to Rule 12(b)(4) on the

25  ground that the Proof of Service related to him did not include the hour when service was

26  purportedly made by personal delivery.  Review of the Proof of Service shows that it is indeed

                                        3

1  lacking the specificity required by Local Rule 120(b).  Accordingly, the court finds that the

2  Proof of Service is defective, and plaintiff's service of process on defendant Senegor will be

3  quashed.

4  B.    Insufficient Service of Process

5          Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge

6  any departure from the proper procedure for serving the summons and complaint as "insufficient

7  service of process."  Fed. R. Civ. P. 12(b)(5).  Once a defendant challenges service of process,

8  the plaintiff has the burden of establishing the validity of service of process under Rule 4.  See,

9  e.g., Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004); Solorio v. Astrue, 2008 WL

10  5122177, *1 (S.D. Cal. Dec. 5, 2008).  It is axiomatic that a court cannot exercise jurisdiction

11  over a defendant without proper service of process pursuant to Rule 4.  See Omni Capital Int'l v.

12  Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

13          Pursuant to Federal Rule of Civil Procedure 4(e), an individual within a judicial

14  district of the United States may be served by:

15          (1) following state law for serving a summons in an action brought
           in courts of general jurisdiction in the state where the district court
16          is located or where service is made; or

17          (2) doing any of the following:

18                  (A) delivering a copy of the summons and of the complaint
                   to the individual personally;
19
                   (B) leaving a copy of each at the individual's dwelling or
20                  usual place of abode with someone of suitable age and
                   discretion who resides there; or
21
                   (C) delivering a copy of each to an agent authorized by
22                  appointment or by law to receive service of process.

23          With respect to Rule 4(e)(1), the law of the state in which this court sits allows a

24  plaintiff to serve a defendant by personal delivery of a summons and complaint.  Cal. Code Civ.

25  P. § 415.10.  California also allows a plaintiff to serve a defendant by mailing a copy of the

26  summons and complaint "together with two copies of the notice and acknowledgment provided

1   for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal.

2   Code Civ. P. § 415.30.  Service would be deemed complete on the date the notice and

3   acknowledgment form is executed and returned to plaintiff.  If defendants were to fail to

4   complete and return the acknowledgment form within 20 days from the date of the mailing, they

5   would be liable for reasonable expenses incurred in attempting to serve them by other permitted

6   means.  Id.

7         Under the federal rules, a plaintiff may serve a defendant by personal delivery of

8   a summons and a copy of the complaint.  See Fed. R. Civ. P. 4(m).  A plaintiff may also serve by

9   mail, but Rule 4 itself does not permit bare service by mail.  Rather, Rule 4(d) provides for

10  waiver of service, which essentially amounts to service by mail with specific additional

11  requirements.  Pursuant to Rule 4(d), a party may request waiver of service of process by

12  notifying the defendant in writing that an action has been commenced and requesting that

13  defendant waive service of a summons.  The writing must be accompanied by a copy of the

14  complaint, two copies of a waiver form, and a prepaid means for returning the form.  Fed. R.

15  Civ. P. 4(d)(1)(C).  If plaintiff is unable to obtain waiver after providing defendant a reasonable

16  time of at least thirty days after the request was sent, Fed. R. Civ. P. 4(d)(1)(F), plaintiff must

17  seek to accomplish personal service on defendant, and the court must, absent a showing of good

18  cause, impose on the defendant the expenses later incurred in making such service.  Fed. R. Civ.

19  P. 4(d)(2).

20        Defendants Smith, Heatley, Baldwin, and Hettema seek dismissal pursuant Rule

21  12(b)(5) on the ground that they were never personally served with the summons and complaint.

22  Smith Decl. ¶ 2; Heatley Decl. ¶ 2; Baldwin Decl. ¶ 2; Hettema Decl. ¶ 2.  Instead, they declare

23  that they received a copy of the summons and complaint via regular mail at their work address

24  on or around January 24, 2013.  Id.  They further declare that the summons and complaints were

25  not accompanied by a notice, an acknowledge of receipt of summons form, or a return envelope

26  with prepaid postage.  Id.  Defendant Hettema also declares that he was not served with a copy

5

of the summons and complaint by mail or personal service.  Hettema Decl. ¶ 3.

Defendant Senegor too moves for dismissal on this ground, arguing that he could not have been personally served at 500 Hospital Road, French Camp, CA on January 10, 2013 because he was not at that location on that day and did not work or go to San Joaquin General Hospital at all in the month of January 2013.  Senegor Decl. ¶¶ 3-5.  Senegor further declares that he was not aware of this action until January 31, 2013.  Id. ¶ 5.

In his opposition to both motions, plaintiff relies on the Proofs of Service on file to argue that the defendants were personally served.  He then asserts the need for an evidentiary hearing and/or discovery on the basis of a purported dispute of fact as to whether or not the defendants were served.  See, e.g., Pl's Opp'n to Def. Senegor's Mot. to Dismiss at 3 (ECF No. 22); Pl.'s Opp'n to Smith, Heatley, Baldwin, and Hettema's Mot. to Dismiss at 4-5.

A Proof of Service constitutes prima facie evidence of proper service.  See S.E.C. v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1163 (9th Cir. 2007).  The Proofs of Service on file in this matter reflect that the process server personally served defendant Senegor on January 10, 2013 and the remaining defendants on January 11, 2013.  Accordingly, a strong presumption arises that service was proper.  Freeman v. ABC Legal Services Inc., 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011).

A conclusory denial of service is ineffective to overcome the presumption. Id. Instead, a moving party must submit "strong and convincing evidence."  Internet Solutions, 509 F.3d at 1163.  To rebut the presumption of validity and in support of their respective positions, each defendant submits only his or her own declaration.  Declarations alone, however, are not necessarily sufficient to rebut the strong presumption of valid service.  See In re De La Cruz, 176 B.R. 19, 22 (9th Cir. B.A.P. 1994) (in context of parallel bankruptcy rule, "something more than a mere declaration" is required to rebut presumption of proper service); see also Tejada v. Sugar Foods Corp., 2010 WL 4256242, at *3-4 (C.D. Cal. 2010).  Accordingly, the court will deny defendants' motions insofar as they dispute the fact of service.

1

2　C.　Timely Service of Process

3　　　　　Finally, a motion may be brought pursuant to Rule 12(b)(5) for failure to timely

4　serve.  Federal Rule of Civil Procedure 4(m) addresses the time limit for service and provides in

5　pertinent part:

6　　　　　　　If a defendant is not served within 120 days after the complaint is
　　　　　　　filed, the court—on motion or on its own after notice to the
7　　　　　　　plaintiff—must dismiss the action without prejudice against that
　　　　　　　defendant or order that service be made within a specified time.
8　　　　　　　But if the plaintiff shows good cause for the failure, the court must
　　　　　　　extend the time for service for an appropriate period.
9

10　Rule 4(m) "encourages efficient litigation by minimizing the time between commencement of an

11　action and service of process."  Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d

12　309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)).

13　　　　　In this case, plaintiff was ordered to complete service no more than 60 days from

14　July 30, 2012, or by September 28, 2012.  The Proofs of Service on file, however, reveal that the

15　process server did not receive the summons for the defendants until January 7, 2013, more than

16　three months after the expiration of the 60-day period.  Plaintiff plainly failed to timely serve

17　these defendants.  The question becomes whether plaintiff has shown good cause for his

18　untimeliness and if not, whether dismissal or an extension of time is appropriate.

19　　　　　A court's preliminary inquiry under Rule 4(m) is whether plaintiff has shown

20　good cause for the failure to effect service timely.  If good cause is shown, the plaintiff is entitled

21　to a mandatory extension.  Mann v. American Airlines, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003);

22　Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007).  "At a minimum, 'good cause' means

23　excusable neglect.  Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991).  "[I]nadvertent error

24　or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service."

25　Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992).  Additionally, a plaintiff's status as an

26　unrepresented party does not, by itself, establish good cause.  Boudette, 923 F.2d at 757.  "Good

1   cause" for delay longer than 120 days generally means that service had been attempted but not

2   completed, that plaintiff was confused about the requirements of service, or that plaintiff was

3   prevented from serving defendants by factors beyond his control.  Mateo v. M/S Kiso, 805 F.

4   Supp. 792, 795 (N.D. Cal. 1992).

5           In neither of his oppositions to the pending motions does plaintiff explain, let

6   alone provide good cause, why he did not serve the defendants prior to the expiration of the 60-

7   day period of time.  Instead, he argues that (1) service should be deemed proper under a theory

8   of substantial compliance, (2) any failure to timely serve has not prejudiced the defendants, (3)

9   his status as a prisoner should excuse his non-compliance with the Federal Rules, and (4) he

10  should now be granted a "retroactive extension of time" up until the time that the defendants

11  claimed receipt of the summons and complaint.

12          "Substantial compliance" with Rule 4 is required in order to uphold service of

13  process, even when a defendant has received actual notice.  Jackson v. Hayakawa, 682 F.2d

14  1344, 1347 (9th Cir. 1982); Collagen Nutraceuticals, Inc. v. Neocell Corp., 2010 WL 3719101,

15  at *1 (S.D. Cal. Sept. 20, 2010).  Substantial compliance has been found, for example, where

16  service was completed very close to the deadline.  See, e.g., Tyson v. City of Sunnyvale, 159

17  F.R.D. 528, 530 (N.D. Cal. 1995) (service 121 days after filing of the complaint constituted

18  "substantial compliance" with Rule 4(m)).  Provision of actual notice to the defendants does not

19  itself constitute substantial compliance.  Jackson, 682 F.2d at 1347.  Plaintiff has presented no

20  facts demonstrating cause for his delay, and the length of that delay is inconsistent with

21  substantial compliance.  Accordingly, the late service may not be excused and an extension of

22  time to cure the insufficient service is not mandatory under Rule 4(m).

23          However, even in the absence of good cause or substantial compliance, the court

24  has the authority to extend the time for service rather than dismiss the action.  Henderson v.

25  United States, 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes on Fed. R. Civ. P.

26  4, 28 U.S.C. App., p. 654.)  Permissive extensions are discretionary.  Henderson, 517 U.S. at

8

1   662;  Espinoza v. United States, 52 F.3d 838, 841(10th Cir. 1995); Petrucelli v. Bohringer and

2   Ratzinger, 46 F.3d 1298, 1305 (3rd Cir. 1995).  Considerations that may guide the court's

3   exercise of its discretion include whether the statute of limitations has expired, Boley v.

4   Kaymark, 123 F.3d 756, 759 (3d Cir. 1997), cert. denied, 522 U.S. 1109 (1998), and whether

5   plaintiff eventually completed service, Goodstein v. Bombadier Capital, Inc., 167 F.R.D. 662,

6   666 (D. Vt. 1996); Bd. of Trustees of Trucking Employees v. Canny, 876 F. Supp. 14, 16

7   (N.D.N.Y. 1995); Tyson, 159 F.R.D. at 530.

8             It appears from the record that plaintiff took action promptly upon receipt of the

9   court's July 30, 2012 order to secure the means to effectuate service – he sought leave to have

10  the U.S. Marshal serve the defendants, and then at the court's direction brought a motion to

11  proceed in forma pauperis so that he might qualify for such assistance.  When that motion was

12  denied shortly before the 60-day period expired, no new deadline for service was set.  See ECF

13  No. 16.  Having been denied in forma pauperis status, plaintiff was required to secure the

14  services of a process server.  Although status as a prisoner neither excuses non-compliance with

15  the rules nor constitutes good cause for late service, the court recognizes that inmates frequently

16  face logistical obstacles and delays in conducting business transactions with outside entities.

17  Plaintiff did eventually employ a process server and has provided proofs of service (although

18  sufficiency of that service is disputed by defendants). This history demonstrates that plaintiff

19  made reasonable efforts under the circumstances to serve the defendants.  Although those efforts

20  do not constitute substantial compliance, they do weigh in favor of a sanction less than dismissal.

21            The court's exercise of its discretion in this case is also informed by the facts that

22  all defendants have received actual notice of the lawsuit and will suffer no identifiable prejudice.

23  Requiring plaintiff to begin anew, on the other hand, would inconvenience the court as much as

24  punish the plaintiff for his violation of the rules.  Accordingly, although the untimely service was

25  ineffective as to all defendants, the court will exercise its discretion to quash the defective

26  service and grant an extension of time rather than dismissing the action.

Plaintiff is admonished, however, to strictly follow the Federal Rules of Civil Procedure when proceeding with this action.  This serves as plaintiff's second warning that failure to comply with a court order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  <u>See</u> Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' January 31, 2013 (ECF No. 20) and February 11, 2013 (ECF No. 21) motions to dismiss are granted in part;

2.  Plaintiff's service of process is quashed as to all defendants; and

3.  Plaintiff shall have an additional 60 days from the date of this order to effectuate service in compliance with Rule 4.

DATED: May 10, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;hern3248.mtd.v3

10