IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE GONZALES HERNANDEZ,

    Plaintiff,                                          No. 2:11-cv-3248 AC P

  vs.

MORIS SENEGOR, et al.,

    Defendants.                                        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Dr. Moris Senegor's January 31, 2013 motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), and (5). ECF No. 20. Also pending is defendants R.K. Baldwin, Scott Heatley, H. Hettema, and Smith's February 11, 2013 motion to dismiss pursuant to 12(b)(5) and 4(m). ECF No. 21. Plaintiff opposes both motions. On review of the motions, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

////

////

////

1

RELEVANT BACKGROUND[1]

On December 7, 2011, plaintiff initiated this action and paid the filing fee in full. On March 13, 2012, the court screened and dismissed the complaint with leave to amend. ECF No. 5. On April 9, 2012, plaintiff filed the operative first amended complaint, which proceeds as screened on July 30, 2013 against defendants Baldwin, Hettema, Heatley, Senegor, and Smith. ECF Nos. 6, 8. In the July 30, 2013 screening order, plaintiff was directed to complete service of process on the defendants within sixty days from the date of the order. ECF No. 9. The court also warned plaintiff of the following:

> The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. See Fed. R. Civ. P. 41(b).

Id. at 6, ¶ 13.

On August 13, 2012, plaintiff filed a request to have the United States Marshal serve the defendants. ECF No. 12. The court denied plaintiff's request on the ground he was not proceeding in forma pauperis, but granted plaintiff an opportunity to submit an application to proceed as such. ECF No. 14.

On September 5, 2012, plaintiff filed a motion to proceed in forma pauperis. ECF No. 15. On September 21, 2012, the court denied this motion because plaintiff failed to demonstrate indigence. ECF No. 16. Plaintiff was then directed to serve the defendants in accordance with Federal Rule of Civil Procedure 4. Id.

On January 22, 2013, plaintiff filed five Proofs of Service, each signed by Joe Nerio of South Bay Attorney Service. ECF Nos. 18-19. The first Proof of Service reflects that the process server received the summons for defendant Senegor on January 7, 2013 and personally served him at 500 West Hospital Road, French Camp, CA on January 10, 2013. ECF

---

[1] A recitation of the facts underlying plaintiff's operative pleading is unnecessary to the resolution of defendants' motions.

1  No. 18.  The second through fifth Proofs of Service reflect that the process server received the
2  summons for defendants Baldwin, Hettema, Heatley, and Smith on January 7, 2013 and
3  personally served these defendants at Mule Creek State Prison, 4001 Highway 104, Ione, CA on
4  January 11, 2013.  ECF No. 19.
5        On January 31, 2013, defendant Senegor moved to dismiss this action for lack of
6  personal jurisdiction in light of plaintiff's alleged failure to properly and timely serve him.
7  Alternatively, Senegor moves to quash the service of process.  On February 11, 2013, defendants
8  Baldwin, Heatley, Hettema, and Smith filed a substantively identical motion.  Plaintiff opposes
9  both motions.

DISCUSSION

A.    <u>Insufficient Process</u>

  A challenge to the form of process, rather than the manner of its service, is properly raised under Federal Rule of Civil Procedure 12(b)(4).  <u>See</u> 5B Wright & Miller, Federal Practice and Procedure, § 1353 (3d ed.).  A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons.  <u>Wasson v. Riverside County</u>, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted).

  Pursuant to Local Rule 120(b),

> If service of process is not waived, proof of service of process shall be made by acknowledgment of the party served or by affidavit of the person serving such process. . . . Such proof of service shall show the date, place, and manner of the service. When service is made by personal delivery, it shall show the hour, the particular address or vicinity at which service was made, the name and address of the person served, and the name and address of the person making the service.  <u>See</u> Fed. R. Civ. P. 4(l).

  Here, defendant Senegor moves for dismissal pursuant to Rule 12(b)(4) on the ground that the Proof of Service related to him did not include the hour when service was purportedly made by personal delivery.  Review of the Proof of Service shows that it is indeed

3

lacking the specificity required by Local Rule 120(b). Accordingly, the court finds that the Proof of Service is defective, and plaintiff's service of process on defendant Senegor will be quashed.

B.   Insufficient Service of Process

Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4. See, e.g., Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004); Solorio v. Astrue, 2008 WL 5122177, *1 (S.D. Cal. Dec. 5, 2008). It is axiomatic that a court cannot exercise jurisdiction over a defendant without proper service of process pursuant to Rule 4. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

Pursuant to Federal Rule of Civil Procedure 4(e), an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

With respect to Rule 4(e)(1), the law of the state in which this court sits allows a plaintiff to serve a defendant by personal delivery of a summons and complaint. Cal. Code Civ. P. § 415.10. California also allows a plaintiff to serve a defendant by mailing a copy of the summons and complaint "together with two copies of the notice and acknowledgment provided

1  for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal.
2  Code Civ. P. § 415.30.  Service would be deemed complete on the date the notice and
3  acknowledgment form is executed and returned to plaintiff.  If defendants were to fail to
4  complete and return the acknowledgment form within 20 days from the date of the mailing, they
5  would be liable for reasonable expenses incurred in attempting to serve them by other permitted
6  means. Id.

7  Under the federal rules, a plaintiff may serve a defendant by personal delivery of
8  a summons and a copy of the complaint.  See Fed. R. Civ. P. 4(m).  A plaintiff may also serve by
9  mail, but Rule 4 itself does not permit bare service by mail.  Rather, Rule 4(d) provides for
10 waiver of service, which essentially amounts to service by mail with specific additional
11 requirements.  Pursuant to Rule 4(d), a party may request waiver of service of process by
12 notifying the defendant in writing that an action has been commenced and requesting that
13 defendant waive service of a summons.  The writing must be accompanied by a copy of the
14 complaint, two copies of a waiver form, and a prepaid means for returning the form.  Fed. R.
15 Civ. P. 4(d)(1)(C).  If plaintiff is unable to obtain waiver after providing defendant a reasonable
16 time of at least thirty days after the request was sent, Fed. R. Civ. P. 4(d)(1)(F), plaintiff must
17 seek to accomplish personal service on defendant, and the court must, absent a showing of good
18 cause, impose on the defendant the expenses later incurred in making such service.  Fed. R. Civ.
19 P. 4(d)(2).

20 Defendants Smith, Heatley, Baldwin, and Hettema seek dismissal pursuant Rule
21 12(b)(5) on the ground that they were never personally served with the summons and complaint.
22 Smith Decl. ¶ 2; Heatley Decl. ¶ 2; Baldwin Decl. ¶ 2; Hettema Decl. ¶ 2.  Instead, they declare
23 that they received a copy of the summons and complaint via regular mail at their work address
24 on or around January 24, 2013.  Id.  They further declare that the summons and complaints were
25 not accompanied by a notice, an acknowledge of receipt of summons form, or a return envelope
26 with prepaid postage.  Id.  Defendant Hettema also declares that he was not served with a copy

5

of the summons and complaint by mail or personal service.  Hettema Decl. ¶ 3.

Defendant Senegor too moves for dismissal on this ground, arguing that he could not have been personally served at 500 Hospital Road, French Camp, CA on January 10, 2013 because he was not at that location on that day and did not work or go to San Joaquin General Hospital at all in the month of January 2013.  Senegor Decl. ¶¶ 3-5.  Senegor further declares that he was not aware of this action until January 31, 2013.  Id. ¶ 5.

In his opposition to both motions, plaintiff relies on the Proofs of Service on file to argue that the defendants were personally served.  He then asserts the need for an evidentiary hearing and/or discovery on the basis of a purported dispute of fact as to whether or not the defendants were served.  See, e.g., Pl's Opp'n to Def. Senegor's Mot. to Dismiss at 3 (ECF No. 22); Pl.'s Opp'n to Smith, Heatley, Baldwin, and Hettema's Mot. to Dismiss at 4-5.

A Proof of Service constitutes prima facie evidence of proper service.  See S.E.C. v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1163 (9th Cir. 2007).  The Proofs of Service on file in this matter reflect that the process server personally served defendant Senegor on January 10, 2013 and the remaining defendants on January 11, 2013.  Accordingly, a strong presumption arises that service was proper.  Freeman v. ABC Legal Services Inc., 827 F. Supp. 2d 1065, 1075 (N.D. Cal. 2011).

A conclusory denial of service is ineffective to overcome the presumption.  Id. Instead, a moving party must submit "strong and convincing evidence." Internet Solutions, 509 F.3d at 1163.  To rebut the presumption of validity and in support of their respective positions, each defendant submits only his or her own declaration.  Declarations alone, however, are not necessarily sufficient to rebut the strong presumption of valid service.  See In re De La Cruz, 176 B.R. 19, 22 (9th Cir. B.A.P. 1994) (in context of parallel bankruptcy rule, "something more than a mere declaration" is required to rebut presumption of proper service); see also Tejada v. Sugar Foods Corp., 2010 WL 4256242, at *3-4 (C.D. Cal. 2010).  Accordingly, the court will deny defendants' motions insofar as they dispute the fact of service.

C.  Timely Service of Process

Finally, a motion may be brought pursuant to Rule 12(b)(5) for failure to timely serve. Federal Rule of Civil Procedure 4(m) addresses the time limit for service and provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) "encourages efficient litigation by minimizing the time between commencement of an action and service of process." Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former Fed. R. Civ. P. 4(j)).

In this case, plaintiff was ordered to complete service no more than 60 days from July 30, 2012, or by September 28, 2012. The Proofs of Service on file, however, reveal that the process server did not receive the summons for the defendants until January 7, 2013, more than three months after the expiration of the 60-day period. Plaintiff plainly failed to timely serve these defendants. The question becomes whether plaintiff has shown good cause for his untimeliness and if not, whether dismissal or an extension of time is appropriate.

A court's preliminary inquiry under Rule 4(m) is whether plaintiff has shown good cause for the failure to effect service timely. If good cause is shown, the plaintiff is entitled to a mandatory extension. Mann v. American Airlines, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003); Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). "At a minimum, 'good cause' means excusable neglect. Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). "[I]nadvertent error or ignorance of governing rules alone will not excuse a litigant's failure to effect timely service." Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992). Additionally, a plaintiff's status as an unrepresented party does not, by itself, establish good cause. Boudette, 923 F.2d at 757. "Good

7

cause" for delay longer than 120 days generally means that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control. Mateo v. M/S Kiso, 805 F. Supp. 792, 795 (N.D. Cal. 1992).

In neither of his oppositions to the pending motions does plaintiff explain, let alone provide good cause, why he did not serve the defendants prior to the expiration of the 60-day period of time. Instead, he argues that (1) service should be deemed proper under a theory of substantial compliance, (2) any failure to timely serve has not prejudiced the defendants, (3) his status as a prisoner should excuse his non-compliance with the Federal Rules, and (4) he should now be granted a "retroactive extension of time" up until the time that the defendants claimed receipt of the summons and complaint.

"Substantial compliance" with Rule 4 is required in order to uphold service of process, even when a defendant has received actual notice. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982); Collagen Nutraceuticals, Inc. v. Neocell Corp., 2010 WL 3719101, at *1 (S.D. Cal. Sept. 20, 2010). Substantial compliance has been found, for example, where service was completed very close to the deadline. See, e.g., Tyson v. City of Sunnyvale, 159 F.R.D. 528, 530 (N.D. Cal. 1995) (service 121 days after filing of the complaint constituted "substantial compliance" with Rule 4(m)). Provision of actual notice to the defendants does not itself constitute substantial compliance. Jackson, 682 F.2d at 1347. Plaintiff has presented no facts demonstrating cause for his delay, and the length of that delay is inconsistent with substantial compliance. Accordingly, the late service may not be excused and an extension of time to cure the insufficient service is not mandatory under Rule 4(m).

However, even in the absence of good cause or substantial compliance, the court has the authority to extend the time for service rather than dismiss the action. Henderson v. United States, 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes on Fed. R. Civ. P. 4, 28 U.S.C. App., p. 654.) Permissive extensions are discretionary. Henderson, 517 U.S. at

662; Espinoza v. United States, 52 F.3d 838, 841(10th Cir. 1995); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3rd Cir. 1995). Considerations that may guide the court's exercise of its discretion include whether the statute of limitations has expired, Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997), cert. denied, 522 U.S. 1109 (1998), and whether plaintiff eventually completed service, Goodstein v. Bombadier Capital, Inc., 167 F.R.D. 662, 666 (D. Vt. 1996); Bd. of Trustees of Trucking Employees v. Canny, 876 F. Supp. 14, 16 (N.D.N.Y. 1995); Tyson, 159 F.R.D. at 530.

It appears from the record that plaintiff took action promptly upon receipt of the court's July 30, 2012 order to secure the means to effectuate service – he sought leave to have the U.S. Marshal serve the defendants, and then at the court's direction brought a motion to proceed in forma pauperis so that he might qualify for such assistance. When that motion was denied shortly before the 60-day period expired, no new deadline for service was set. See ECF No. 16. Having been denied in forma pauperis status, plaintiff was required to secure the services of a process server. Although status as a prisoner neither excuses non-compliance with the rules nor constitutes good cause for late service, the court recognizes that inmates frequently face logistical obstacles and delays in conducting business transactions with outside entities. Plaintiff did eventually employ a process server and has provided proofs of service (although sufficiency of that service is disputed by defendants). This history demonstrates that plaintiff made reasonable efforts under the circumstances to serve the defendants. Although those efforts do not constitute substantial compliance, they do weigh in favor of a sanction less than dismissal.

The court's exercise of its discretion in this case is also informed by the facts that all defendants have received actual notice of the lawsuit and will suffer no identifiable prejudice. Requiring plaintiff to begin anew, on the other hand, would inconvenience the court as much as punish the plaintiff for his violation of the rules. Accordingly, although the untimely service was ineffective as to all defendants, the court will exercise its discretion to quash the defective service and grant an extension of time rather than dismissing the action.

9

Plaintiff is admonished, however, to strictly follow the Federal Rules of Civil Procedure when proceeding with this action.  This serves as plaintiff's second warning that failure to comply with a court order, the Federal Rules of Civil Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' January 31, 2013 (ECF No. 20) and February 11, 2013 (ECF No. 21) motions to dismiss are granted in part;

2. Plaintiff's service of process is quashed as to all defendants; and

3. Plaintiff shall have an additional 60 days from the date of this order to effectuate service in compliance with Rule 4.

DATED: May 10, 2013.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;hern3248.mtd.v3